IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ROBIN CRUCE AND JOSEPH J. CRUCE, ) | |
| ) | |
| Plaintiffs, ) | Case No. _____ |
| ) | |
| v. ) | |
| ) | JURY DEMAND |
| KLINE MECHANICAL SYSTEMS, INC., ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

Plaintiffs Robin Cruce and Joseph J. Cruce, by and through counsel, hereby submit this Complaint against Defendant Kline Mechanical Systems, Inc. ("Kline") and allege as follows:

### THE PARTIES

1. Robin Cruce ("Mrs. Cruce") is a resident of Sumner County, Tennessee, residing at 174 Flatridge Road, Goodlettsville, Tennessee 37072.

2. Joseph J. Cruce ("Mr. Cruce") is a resident of Sumner County, Tennessee, residing at 174 Flatridge Road, Goodlettsville, Tennessee 37072.

3. Kline is a Mississippi corporation with a principal place of business at 409 South Spring Street, Fulton, Mississippi 38843. Kline's registered agent for service of process in Tennessee is C T Corporation System at 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

1

5. Venue is proper with this District and this Division pursuant to 28 § U.S.C 1391 as the unlawful employment practices were committed in Rutherford County, Tennessee.

## FACTUAL ALLEGATIONS

5. Mrs. Cruce was an employee of Bouma Construction, Inc. ("Bouma") working on-site at the Nissan plant in Smyrna. She began working there on July 11, 2011.

6. Mrs. Cruce was employed by Bouma as a forklift operator.

7. Mrs. Cruce's spouse, Joseph J. Cruce, was also employed at this worksite by Bouma as a highly skilled laborer with expertise in preparing a clean room system that was needed at the Nissan plant for the production of electric vehicles.

8. One of Bouma's employees, Ben McPeck, began a pattern of malicious harassment and discrimination against Mrs. Cruce. McPeck told Cruce on multiple occasions that the worksite was no place for a woman and that she did not belong. McPeck was verbally abusive and physically threatening to Mrs. Cruce.

9. On one occasion, Peck blocked Mrs. Cruce's exit on the company transport vehicle, verbally interrogating her because he did not have access to the forklift keys. McPeck again told her loudly and abusively that she had no right to work there because she is a woman.

10. Bouma reprimanded McPeck, but the harassment continued. He called Mrs. Cruce a "fucking asshole" and a "fucking bitch." McPeck also called Cruce a "cunt."

11. Rather than taking actions to stop the discriminatory behavior of McPeck, Bouma chose to "lay off" both Mr. and Mrs. Cruce. Mrs. Cruce was "laid off" in mid-September and Mr. Cruce was "laid off" in early October.

12. Approximately two weeks following Mrs. Cruce's "lay-off," from Bouma, Kline contacted Mrs. Cruce about working for Kline at the same Nissan plant as a forklift operator.

2

13. Prior to accepting the position, Mrs. Cruce asked Kline what it would do to stop the harassing behavior she experienced by McPeck at this job location. Kline was aware of the situation between McPeck and Mrs. Cruce and assured Mrs. Cruce that it would take care of the problems, that things would be different, and McPeck would not bother Mrs. Cruce while she was employed by Kline.

14. On September 19, 2011, Mrs. Cruce began working for Kline at the Nissan plant. On approximately November 12, 2011, Kline also hired Mr. Cruce as a highly skilled laborer.

15. The harassment from McPeck immediately resumed when Mrs. Cruce started working for Kline. McPeck continued to call Mrs. Cruce names such as "bitch" and "fucking asshole."

16. Mr. and Mrs. Cruce reported McPeck's behavior and harassment to her supervisor, Mr. Harold Wilson ("Wilson"). Wilson informed the owner of Kline, Tommy Kline ("Mr. Kline"), about the continued harassment, and both of them told Mrs. Cruce to stay away from McPeck. Mr. Cruce also reported McPeck's continued harassing behavior to Mr. Kline and his supervisor, Nick Jones.

17. Unfortunately, it was impossible for Mrs. Cruce not to ever interact with McPeck because she operated a tow motor for Kline. Kline refused to allow Mrs. Cruce to stop operating the tow motor. Mr. Kline told Mrs. Cruce that he "would take care of it."

18. However, McPeck's behavior was not taken care of by Mrs. Cruce's supervisor or the owner of Kline, and McPeck continued his harassing behavior. On January 14, 2012, Mrs. Cruce was operating a forklift when McPeck jumped directly in front of the forklift she was operating, causing her to almost hit him with the forklift. The forklift was holding a load that

3

weighed approximately 2,500 pounds. If Mrs. Cruce were to have dropped the load, she would have been seriously reprimanded and most likely terminated for it.

19. The incident was reported to safety, and the Safety Department investigated the incident. The investigator was named Debbie, and she was employed by Jesco. After Debbie completed the investigation, she asked Mrs. Cruce if working for Kline was "worth the danger." She also told Mrs. Cruce that she "needed to be the bigger person and step away."

20. Based on Debbie's comments, Mr. and Mrs. Cruce felt they had no choice but to resign from employment with Kline on January 16, 2012.

21. As a result of Mr. and Mrs. Cruce's constructive discharges, they have suffered a loss of income and benefits, and loss of benefits, as well as pain and suffering and emotional distress. They were also forced to move back to Florida for a time.

22 Following their constructive discharge, Mr. and Mrs. Cruce filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 20, 2012 alleging discrimination based on sex and retaliation. A copy of these said Charges are attached hereto and incorporated herein as Exhibit 1.

23. Mr. and Mrs. Cruce received a Notice of Right to Sue from the EEOC dated April 30, 2013. A copy of these Right to Sues are attached hereto as Exhibit 2. This suit is filed within ninety (90) days of Mr. and Mrs. Cruce's receipt of these Notice of Right to Sues from the EEOC.

## CAUSES OF ACTION

Mr. and Mrs. Cruce incorporate into all following paragraphs the allegations contained above.

## COUNT ONE: DISCRIMINATION BASED ON GENDER

24. Kline is an employer as defined under 42 U.S.C. § 2000e(b). At all times material hereto, Kline was engaged in an industry affecting commerce, and it also had fifteen or more employees for each working day in each of twenty or more calendar weeks in 2011 and 2012.

25. At all times material hereto, Mrs. Cruce was qualified for the position of forklift operator with Kline and was a member of a protected group on the basis of her sex.

26. Kline violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Mrs. Cruce on the basis of her sex. Mrs. Cruce was subjected to unwelcome, offensive, and harassing discriminatory conduct during her employment with Kline, which was intentionally perpetrated upon her by her coworker, McPeck who was employed by Bouma. McPeck's conduct was based upon and directed at Mrs. Cruce because of her gender.

27. Kline was aware of the harassing and discriminatory conduct but failed to take any appropriate corrective action.

28. This harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Mrs. Cruce's physical health, work performance, and so as to create an intimidating, hostile, and offensive working environment.

29. The harassing and discriminatory by McPeck's conduct was open and obvious to other employees, both management and non-management at Kline.

30. Mrs. Cruce was subjected to unwelcome conduct from McPeck that was based on Mrs. Cruce's sex. As a direct result of Mrs. Cruce's complaints of this conduct, Kline constructively discharged Mrs. Cruce's employment. Mrs. Cruce's sex was a motivating factor in her constructive discharge. Kline treated its male employees more favorably than Mrs. Cruce.

5

31. Upon constructively discharging Mrs. Cruce's employment, Kline immediately replaced her with a male forklift operator.

32. As a direct and proximate result of Kline's actions as alleged herein, Mrs. Cruce is entitled to back pay, future wages, reinstatement, reinstatement of benefits, compensatory damages, pre-judgment interest, punitive damages, attorney's fees and costs.

33. The actions of Kline as set forth herein, were willful, wanton, malicious, and done in reckless disregard for the safety and well-being of Mrs. Cruce such as to justify the imposition of punitive and liquidated damages.

## COUNT TWO: RETALIATION

34. Kline illegally retaliated against Mr. and Mrs. Cruce and constructively terminated their employment because of their complaints about McPeck's illegal treatment of Mrs. Cruce.

35. There was a causal connection between the protected activity and the adverse employment action.

36. As a direct and proximate result of Kline's willful, knowing, and intentional retaliation against them, Mr. and Mrs. Cruce are entitled to back pay, future wages, reinstatement, reinstatement of benefits, compensatory damages, pre-judgment interest, punitive damages, attorney's fees and costs.

37. The actions of Kline, as set forth herein, were willful, wanton, malicious, and done in reckless disregard for the safety and well-being of Mr. and Mrs. Cruce such as to justify the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Robin and Joseph Cruce request the following:

a) Back pay, including all sums of money Mr. and Mrs. Cruce would have earned, together with such other increases to which they would be entitled, had they not been discharged;

b) Front Pay;

c) Compensatory damages in an amount determined by the trier of fact to be fair and reasonable;

d) Prejudgment interest;

e) Punitive damages;

f) Award of reasonable attorney's fees and costs; and

g) Such other and further relief as this Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Cruce hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Elizabeth Hart BPR #30700
207 Third Avenue North
Franklin, Tennessee 37064
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Plaintiff*